UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                              Case No. 24-cr-20483

v.

                                                 Hon. Sean F. Cox

QUINO ALONZO GALLEGOS,            United States District Court Judge

      Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF No. 22)**

In this criminal case, the grand jury indicted Defendant Quino Gallegos for possessing "one Iver Johnson, .32 caliber firearm" as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, PageID.1). Gallegos now moves to dismiss his indictment under the Second Amendment, which provides that "the right of the people to keep and bear Arms[] shall not be infringed." U.S. Const. amend. II. Gallegos argues that he is among the "people" to whom the Second Amendment refers, and therefore that his indicted conduct is presumptively protected by the Second Amendment. Gallegos is right so far: "Nothing in the Second Amendment's text draws a distinction among the political community between felons and non-felons—or, for that matter, any distinction at all." *United States v. Williams*, 113 F.4th 637, 649 (6th Cir. 2024).

Gallegos next argues that any federal regulation on Second Amendment conduct is unenforceable unless the Government proves that the regulation comports with the Nation's historical tradition of firearm ownership. Gallegos is right about this as well. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17–31 (2022). As relevant to Gallegos's argument, *United States v. Williams* recently took up the question of whether § 922(g)(1)

comports with the Nation's historical tradition of firearm ownership and concluded that it does when "applied to dangerous people."  113 F.4th at 663.  *Williams* also held that a felon indicted for violating § 922(g)(1) must prove that he or she is not dangerous to prevail on a motion to dismiss his or her indictment under the Second Amendment.  Thus, § 922(g)(1) can be lawfully applied to Gallegos unless he proves he is not dangerous.

Gallegos does not address *United States v. Williams* in the briefs.  Instead, he argues that the Court should dismiss his indictment because the Government cannot show that § 922(g)(1) comports with the Nation's historical tradition of firearm ownership.  But the law of this Circuit states otherwise.  After *Williams*, a felon such as Gallegos can only prevail on a motion to dismiss a § 922(g)(1) indictment under the Second Amendment by "make[ing] an individualized showing that he himself is not actually dangerous."  *Id.*  Even though Gallegos did not even attempt to make this showing in the briefs, the Court nonetheless held an evidentiary hearing on March 21, 2025.

At that hearing, Gallegos's counsel agreed that Gallegos was convicted of felony carjacking in 2014 when he was twenty-one years old and received a sentence of eighty-one to 160 months.  Convictions for such "crimes against the person" are highly probative of dangerousness because they "speak directly to whether an individual is dangerous."  *Id.* at 659.  And Gallegos's counsel did not introduce any affirmative evidence of non-dangerousness; he stated only that Gallegos had been convicted as an aider and abettor and that his offense was not premeditated.  Gallegos accordingly fails to show that he is not dangerous enough to disarm.

Section 922(g)(1) is constitutional on its face and as applied to Gallegos.  Accordingly, **IT IS ORDERED** that Gallegos's motion to dismiss his indictment (ECF No. 22) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 28, 2025